# EXHIBIT 2

CT Corporation

**TO:** Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

**RE:** **Process Served in Pennsylvania**

**FOR:** Comcast Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Clarence Foust, etc., Pltf. vs. Comcast Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Return, Complaint, First Interrogatories, First Requests For Production |
| **COURT/AGENCY:** | Knox County - Circuit Court, TN<br>Case # 310319 |
| **NATURE OF ACTION:** | PRAYER FOR RELIEF |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/15/2019 postmarked on 04/10/2019 |
| **JURISDICTION SERVED :** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons and complaint upon you, exclusive of the day of service. |
| **ATTORNEY(S) / SENDER(S):** | Benjamin J. Miller<br>Ben Miller of Higgins Firm, PLLC<br>525 4th Ave. South<br>Nashville, TN 37210<br>615-353-0930 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/16/2019, Expected Purge Date: 04/21/2019<br><br>Image SOP |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | CT Corporation System<br>600 N. 2nd St., Ste 401<br>Harrisburg, PA 17101-1071<br>609-538-1818 |

Page 1 of 1 / SV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





CERTIFIED MAIL

$6.660

9415 0118 9986 0640 4340 41

Comcast Corporation
C/o Registered Agent: CT Corporation Sys
600 N. 2nd Street, Suite 401
Harrisburg PA 17101-1071

FILED
CHARLES C. SUSANO III
CLERK

2019 MAR 25 PM 3:42

KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

## SUMMONS

Clarence Foust, Individually and on behalf of
all others similarly situated

_____ PLAINTIFF )

vs.

CIVIL ACTION NO. 3-103-19

Comcast Corporation

_____ DEFENDANT )

To the above named defendant (s):

You are hereby summoned and required to serve upon **Clarence Foust, et al**
_____, plaintiff / plaintiff's attorney, whose address is
**Ben Miller of Higgins Firm, PLLC, 525 4th Ave. South, Nashville, TN 372** an answer to the complaint
herewith served upon you within 30 days after service of this summons and complaint upon you,
exclusive of the day of service. A copy of the answer must be filed with the court either before
or within a reasonable time after service. If you fail to do so, judgment by default can be taken
against you for the relief demanded in the complaint.

Issued and attested this the 25 day of March, 2019.

_Charles D. Susano III_
Charles D. Susano III, Clerk

_____
Deputy Clerk

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## NOTICE

To the defendant (s):

Tennessee law provides a Ten Thousand dollar ($10,000) personal property exemption
from execution or seizure to satisfy a judgment. If a judgment should be entered against you in
this action and you wish to claim property as exempt, you must file a written list, under oath, of
the items you wish to claim as exempt with the clerk of the court. The list may be filed at any
time and may be changed by you thereafter as necessary; however, unless it is filed before the
judgment becomes final, it will not be effective as to any execution or garnishment issued prior
to the filing of the list. Certain items are automatically exempt by law and do not need to be
listed; these include items of necessary wearing apparel for yourself and your family and trunks
or other receptacles necessary to contain such apparel, family portraits, the family bible, and
school books. Should any of these items be seized you would have the right to recover them. If
you do not understand your exemption right or how to exercise it, you may wish to seek counsel
of a lawyer.

## SERVICE INFORMATION

**To the process server:**

Defendant _Comcast Corporation_ _____ can be served at:

c/o Reg Agent, CT Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101-1071

## RETURN

I received this summons on the _____ day of _____, _____.

I hereby certify and return that on the _____ day of _____, _____. I:

[ ] served this summons and complaint on the defendant _____ in the following manner: _____

_____

[ ] failed to serve this summons within 30 days after its issuance because:

_____

_____

_____

Process Server (Required to be filled out by Process Server)

Name (please print): _____

Address: _____

**Cost Bond**

**IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE**
**STATE OF TENNESSEE**

FILED
CHARLES D. SUSANO III

2019 MAR 25 PM 3: 42

KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

Clerence Faust )
)
)
_____ Plaintiff(s)

Vs.

Comcast Corp. )
)
)
_____ Defendant (s)

No. 3·103·19

### COST BOND

I, Clerence Faust _____

as Principal(s) and _____ Ben Miller _____
as Surety, are held and firmly bound unto the Circuit Court Clerk of Knox County, Tennessee for the payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executors and administrators.

The Principal(s) is/are commencing legal proceeding in the Circuit Court of Knox County, Tennessee. If the Principal(s) shall pay all costs which are adjudged against them then this obligation is void. If the Principal(s) fail to pay then the surety shall undertake to pay all costs adjudged against the Principal(s). Mandated at T.C.A. 20-12-120 et seq.

### PRINCIPAL(S)

Clerence Faust _____
(Print or Type)        Principal

_____
Principal

Social Security # _____

Social Security # _____

_____
Address

_____
Address

_____
Employer

_____
Employer

_____
Employer's Address

_____
Employer's Address

### SURETY

Ben Miller _____
(Print or Type)        SURETY

The Higgins Firm
525 4th Ave S
Nashville, TN 37210

_____
SIGNATURE OF SURETY

_____
Address

IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE

FILED
CHARLES D. SUSANO III
CLERK

2019 MAR 25 PM 3: 42

KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

Clarence Foust, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

Comcast Corporation,

     Defendant.

Case No: 3-103-19
JURY DEMAND

## COMPLAINT

Plaintiff Clarence Foust, individually and on behalf of all others similarly situated, alleges

on personal knowledge, investigation of his counsel, and on information and belief as follows:

### NATURE OF ACTION

1.    Plaintiff brings this action for damages, and other legal and equitable remedies,

resulting from the illegal actions of defendant in negligently, knowingly, and/or willfully

contacting plaintiff and class members on their cellular telephones via an "automatic telephone

dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or using "an artificial or prerecorded

voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the

meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal

Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter

referred to as the "TCPA").

2.    Plaintiff brings this action for injunctive relief and statutory damages resulting from

defendant's illegal actions.

## JURISDICTION AND VENUE

3.      Jurisdiction and venue are proper in this court because a substantial part of the events or omissions giving rise to this cause of action accrued in Knox County, Tennessee, where defendant transacts business.

## PARTIES

4.   .   Plaintiff is, and at all times mentioned herein was, a resident of Knox County, Tennessee.

5.      'Defendant is, and at all times mentioned herein was, a Pennsylvania corporation doing business in Knox County, Tennessee.

## THE TELEPHONE CONSUMER PROTECTION ACT

6.      In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," and prerecorded voices. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of an autodialer or prerecorded voice to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8.      According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227. The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq*.

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

9.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt.owed."[5]

10.     Under the TCPA, the burden is on defendants to demonstrate prior express consent.

## FACTUAL ALLEGATIONS

11. ·     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12.     Plaintiff had a cellular telephone number ending in 8123.

13. ˙     Beginning in late 2017 or early 2018, plaintiff began receiving calls from defendant on his cellular telephone number ending in 8123.

14.     When plaintiff answered the calls, he heard a noticeable pause (characteristic of autodialed calls) followed by a live person or a prerecorded voice.

15.     The calls were for the purpose of attempting to collect equipment or other debt.

16.     Plaintiff was not a customer of defendant in 2017 or 2018.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling")*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

17.     Plaintiff did not have any of defendant's equipment or otherwise owe it a debt in 2017 or 2018.

18.     Plaintiff told defendant's representatives that he was not a customer and did not have any of defendant's equipment or otherwise owe it a debt, and he asked them several times to stop calling.

19.     Plaintiff continued to receive numerous calls on his cellular telephone from defendant, sometimes as many as four a day.

20.     The calls were repeated, annoying, intrusive, and harassing.

21.     Many or all of the calls by defendant to plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

22.     Defendant's calls to plaintiff's cellular telephone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

23.     Plaintiff did not provide his cellular telephone number during a transaction that resulted in a debt owed to defendant.

24.     Plaintiff did not provide prior express consent to receive autodialed or prerecorded calls from defendant on his cellular telephone.

25.     Plaintiff requested several times that defendant stop calling his cellular telephone.

26.     Defendant's calls to plaintiff's cellular telephone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

27.  The burden is on defendant to demonstrate that plaintiff provided prior express consent within the meaning of the statute.[6]

## CLASS ACTION ALLEGATIONS

28.  Plaintiff brings this action individually and on behalf of all others similarly situated (hereinafter referred to as "the class").

29.  Plaintiff proposes the following class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after [DATE], received a non-emergency call from defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls.

Collectively, all these persons will be referred to as "class members." Plaintiff represents, and is a member of, the class. Excluded from the class are defendant and any entities in which defendant has a controlling interest, defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

30.  Plaintiff does not know the exact number of members in the class, but plaintiff reasonably believe that class members number at minimum in the thousands.

31.  Plaintiff and all members of the class have been harmed by the acts of defendant, because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

32.  This class action complaint seeks injunctive relief and money damages.

33.  The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide

---

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

substantial benefit to the parties and the court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by defendant.

34.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual class members. Those common questions of law and fact include, but are not limited to, the following:

a.     Whether defendant made non-emergency calls to plaintiff's and class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

b.     Whether defendant can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

c.     Whether defendant's conduct was knowing and/or willful;

d.     Whether defendant is liable for damages, and the amount of such damages; and

e.     Whether defendant should be enjoined from engaging in such conduct in the future.

35.     As a person who received numerous and repeated calls on his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent within the meaning of the TCPA and rules, plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and he has no interests which are antagonistic to any member of the class.

36.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

37.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because the statutory damages in an individual action for violation of the TCPA

are relatively small. Management of these claims is likely to present substantially fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

38.    Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

I.    **FIRST COUNT: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*; 47 C.F.R. § 64.1200**

39.    Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

40.    The foregoing acts and omissions of defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200.

41.    As a result of defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200, plaintiff and each member of the class are entitled to treble damages of $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

42.    Plaintiff and all class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by defendant in the future. Plaintiff and class members are also entitled to an award of attorney fees and costs.

## II. SECOND COUNT: STATUTORY VIOLATIONS OF THE· TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*; 47 C.F.R. § 64.1200

43. Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully set forth herein.

44. The foregoing acts and omissions of defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200.

45. As a result of defendant's violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200, plaintiff and class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

47. · Plaintiff and class members are also entitled to an award of attorney fees and costs.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff respectfully requests that the court grant plaintiff and all class members the following relief against defendant:

A. Injunctive relief prohibiting such violations of the TCPA by defendant in the future;

B. As a result of defendant's willful and/or knowing violations the TCPA, plaintiff seeks for himself and each class member treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. As a result of defendant's statutory violations the TCPA, plaintiff seeks for himself and each class member $500 in statutory damages for each and every violation of the TCPA;

D.      An award of attorney fees and costs to counsel for plaintiff and the class;

E.      An order certifying this action to be a proper class action pursuant to Tennessee Rule of Civil Procedure 23, establishing an appropriate class, finding that plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing plaintiff as counsel for the class; and

F.      Such other relief as the court deems just and proper.

Respectfully Submitted,

THE HIGGINS FIRM, PLLC

BENJAMIN J. MILLER (#25575)
525 4th Ave S
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com

*Attorneys for Plaintiff*

FILED
CHARLES D. SUSANO III
CLERK
2019 MAR 25 PM 3:43
KNOX COUNTY CIRCUIT.
CIVIL SESSIONS
AND JUVENILE COURTS

## IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE

Clarence Foust, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

Comcast Corporation,

        Defendant.

Case No: 3.103.19
JURY DEMAND

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

---

Pursuant to Rule 33 of the Tennessee Rules of Civil Procedure, plaintiff requests that

defendant answer the below interrogatories in writing and under oath. Responses are to be provided

to plaintiff counsel within 45 days of service.

### INSTRUCTIONS

YOUR answer to each interrogatory must include all information known to YOU or

otherwise available to YOU, including information within the knowledge or possession of YOUR

attorneys, investigators, or other agents.

Where a complete answer to a particular interrogatory is not possible, the interrogatory

should be answered to the extent possible and a statement should be made indicating why only a

partial answer is given.

If any information called for by any interrogatory herein is withheld because YOU claim

that such information is protected from discovery by the attorney work product doctrine or by any

privilege, YOU shall state the nature of the claim of privilege or protection; the specific factual

basis of the claimed privilege or other protection from discovery; the dates applicable to the

information at issue; the source of the information or the identities of those who generated the information, including relevant business or legal titles or positions; the identity of the recipient of the information, including business or legal titles or positions; the subject matters at issue; and the identities of all other PERSONS who received copies or otherwise learned of the information.

Unless otherwise indicated, these interrogatories shall pertain to the time period of September 1, 2014 to the present and shall include all information that RELATES in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

These interrogatories shall be deemed continuing so as to require seasonable supplemental responses as YOU or YOUR attorneys obtain further information or materials from the time YOUR answers are served until the time of trial.

## DEFINITIONS

The following terms shall have the following meanings:

1.     "AUTOMATED CALL" means any attempt to connect with a PERSON via placing a telephone call or text message using equipment that has the capacity to (a) store or produce telephone numbers to be called, or telephone numbers to which text messages can be sent; and (b) dial such telephone numbers or send text messages without human intervention, whether or not such capacity was actually used to place a particular call or send a particular message. An AUTOMATED CALL also means a call placed or a text message sent using a predictive dialer as defined by the Federal Communications Commission in Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("TCPA"), CG Docket No. 02-278, Report and

Order, 18 FCC Rcd 14014, 14091 (2003), ¶ 131, and/or *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Docket 02-278, Order on Motion for Reconsideration by ACA International, 23 F.C.C.R. 559,¶¶ 12-14 (Jan. 4, 2008). An AUTOMATED CALL also means a COMMUNICATION employing an artificial or prerecorded voice, regardless of how such a COMMUNICATION was initiated.

2.   "COMMUNICATION" means an instance in which words or information are transferred or transmitted between two or more PERSONS by whatever manner or means, and regardless of how or by whom the COMMUNICATION was initiated, including, but not limited to, correspondence, conversation, instructions, meetings, requests, demands, and conferences.

3.   "CONCERNING" or "RELATING TO" means referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

4.   The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control; or in the possession, custody or control of any servant or agent of YOU or of YOUR attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice COMMUNICATION, report, diary, worksheet, list,

graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms.

5.      "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full meaning as construed by TRCP 26 and 34 and includes, without limitation, the following:

a.      Activity listings of electronic mail receipts and/or transmittals;

b.      Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

c.      Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

d.      Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the

form or any electronic production prior to the gathering or processing of ESI. Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

6.      "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

7.      "POLICY" means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by YOU.

8.      "YOU" or "YOUR" means Comcast Corporation and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of Comcast Corporation.

## INTERROGATORIES

1.      Identify all PERSONS, including but not limited to YOUR agents and/or employees, responsible for formulating, supervising, or enforcing YOUR POLICIES CONCERNING TCPA compliance, and describe those responsibilities.

2.      Identify all PERSONS, including but not limited to YOUR agents and/or employees, responsible for formulating, supervising, or enforcing YOUR POLICIES CONCERNING making telephone calls to collect equipment or other debt, and describe those responsibilities.

3.      If YOU contend that plaintiff and/or prospective class members gave prior express consent to receive AUTOMATED CALLS from YOU, identify all bases for YOUR contention, including the time, date, and content of any alleged consent.

Respectfully Submitted,

THE HIGGINS FIRM, PLLC

**BENJAMIN J. MILLER (#25575)**
525 4th Ave S
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com

*Attorneys for Plaintiff*

FILED
CHARLES D. SUSANO III
CLERK

2019 MAR 25 PM 3:43

KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE

Clarence Foust, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

Comcast Corporation,

      Defendant.

Case No: 3-103-19
JURY DEMAND

---

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, plaintiff requests that defendant produce the documents and electronically stored information described herein at plaintiff counsel's office within 45 days of service. As required by Rule 34, please provide written responses to the following requests and produce the requested documents as they are kept in the ordinary and usual course of business or organize and label the documents to correspond with the categories in this request.

### INSTRUCTIONS

1.    Pursuant to TRCP 34.02, for each item or category, please provide for each written response whether any responsive materials are being withheld and the basis of any objection, and state, with specificity, the grounds for objecting to that request, including the reasons.

2.    Pursuant to TRCP 26.02(5), if YOU withhold the production of any DOCUMENT which is responsive to the following requests on the grounds that the DOCUMENT is privileged or otherwise protected, YOU shall state in a privilege log the nature of the claim of privilege or protection; and describe generally the type and nature of the DOCUMENT; the date of the

DOCUMENT; the identity of the author(s), the addressees, and any recipients of the DOCUMENT; the DOCUMENT's present location; and any other information that will enable plaintiff and the court to assess the applicability of the privilege or protection.

3.　　　Unless otherwise indicated, these requests shall pertain to the time period of September 1, 2014 to the present and shall include all DOCUMENTS and information that RELATE in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

4.　　　YOU are required to produce all the requested DOCUMENTS which are in YOUR possession, custody or control, including (by way of illustration only and not limited to). DOCUMENTS in the possession, custody or control of Comcast Corporation or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other PERSON acting on YOUR behalf.

5.　　　If a DOCUMENT responsive to these requests was at any time in YOUR possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

　　　　　　a.　　　Whether the DOCUMENT is missing or lost;

　　　　　　b.　　　Whether the DOCUMENT has been destroyed;

　　　　　　c.　　　Whether the DOCUMENT has been transferred or delivered to another PERSON and, if so, at whose request;

　　　　　　d.　　　Whether the DOCUMENT has been otherwise disposed of; and

　　　　　　e.　　　The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

6.     Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

7.     These Requests shall be deemed continuing so as to require seasonable supplemental responses as YOU or YOUR attorneys obtain further information or materials from the time YOUR answers are served until the time of trial.

## DEFINITIONS

The following terms shall have the following meanings:

1.     "AUTOMATED CALL" means any attempt to connect with a PERSON via placing a telephone call or text message using equipment that has the capacity to (a) store or produce telephone numbers to be called, or telephone numbers to which text messages can be sent; and (b) dial such telephone numbers or send text messages without human intervention, whether or not such capacity was actually used to place a particular call or send a particular message. An AUTOMATED CALL also means a call placed or a text message sent using a predictive dialer as defined by the Federal Communications Commission in Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("TCPA"), CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14091 (2003), ¶ 131, and/or *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Docket 02-278, Order on Motion for Reconsideration by ACA International, 23 F.C.C.R. 559,¶¶ 12-14 (Jan. 4, 2008). An AUTOMATED CALL also means a COMMUNICATION employing an artificial or prerecorded voice, regardless of how such a COMMUNICATION was initiated.

2.     "COMMUNICATION" means an instance in which words or information are transferred or transmitted between two or more PERSONS by whatever manner or means, and

regardless of how or by whom the COMMUNICATION was initiated, including, but not limited to, correspondence, conversation, instructions, meetings, requests, demands, and conferences.

3. "CONCERNING" or "RELATING TO" means referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

4. The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control; or in the possession, custody or control of any servant or agent of YOU or of YOUR attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT that has any

nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms.

5.     "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full meaning as construed by TRCP 26 and 34 and includes, without limitation, the following:

a.     Activity listings of electronic mail receipts and/or transmittals;

b.     Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

c.     Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

d.     Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI. Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

6.     "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

7. "POLICY" means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by YOU.

8. "YOU" or "YOUR" means Comcast Corporation and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of Comcast Corporation.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS that contain any evidence or indication that plaintiff and/or prospective class members gave prior express consent to receiving AUTOMATED CALLS from YOU. This request includes YOUR POLICIES for obtaining prior express consent.

2. All DOCUMENTS referencing and/or RELATING TO plaintiff and/or his telephone number. This request includes any voice recordings CONCERNING plaintiff and/or his telephone number, and any voice recording of any phone call with plaintiff.

3. All recordings, scripts, conversation templates, matrixes, flowcharts, and/or other DOCUMENTS that YOU used during any AUTOMATED CALL to plaintiff and/or any prospective class member.

4. All DOCUMENTS that define or describe YOUR DOCUMENT and/or ESI retention, preservation, and/or destruction POLICIES, including DOCUMENTS and/or ESI pertaining to YOUR telephone contact with PERSONS.

5. All DOCUMENTS CONCERNING or RELATED TO the dialer(s) that made calls to plaintiff or any prospective class member. This request includes, without limitation, all manuals, guides, installation documents, operations data sheets, whitepapers, technical summaries,

AUTOMATED CALL. This request includes all forms of COMMUNICATIONS – either in writing or orally, formal or informal, to YOU.

12.     All DOCUMENTS identifying, describing, and/or listing the various offices, regions, units, or divisions within YOU, including but not limited to organizational charts, lists of YOUR office locations, and telephone or e-mail lists or directories.

13.     Any DOCUMENT supporting any defense YOU make now or in YOUR answer to the complaint in this case.

Respectfully Submitted,

THE HIGGINS FIRM, PLLC

BENJAMIN J. MILLER (#25575)
525 4th Ave S
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com

*Attorneys for Plaintiff*