UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **Clarence Foust, individually and on behalf of all others similarly situated,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **Comcast Corporation,** <br><br> **Defendant.** | **Case No: 3:19-cv-173** <br> **Judge Mattice** <br> **Magistrate Judge Poplin** <br> **JURY DEMAND** |

**PLAINTIFF'S MOTION TO EXTEND THE DEADLINE FOR RESPONDING TO** *DEFENDANT'S COMBINED MOTION TO COMPEL ARBITRATION AND TO STAY DISCOVERY PENDING DECISION THEREON, AND MOTION IN THE ALTERNATIVE TO DISMISS NON-TENNESSEE PUTATIVE CLASS MEMBERS*

Plaintiff's response to *Defendant's Combined Motion to Compel Arbitration and to Stay Discovery Pending Decision Thereon, and Motion in the Alternative to Dismiss Non-Tennessee Putative Class Members* (Doc. 13) is due August 5, 2019. He seeks relief from this deadline in the alternative. Primarily, he requests an extension until such time as the parties can complete arbitration-related discovery, a request which defendant opposes.[1] If the Court denies plaintiff's primary request then he requests a two week extension from the original deadline of August 5,

---

[1] The parties have conferred on plaintiff's motion and agree that arbitration-related discovery is appropriate, however they disagree as to the timing. Plaintiff believes he should be permitted to conduct arbitration-related discovery before having to respond to defendant's motion, whereas defendant believes plaintiff should be required to respond to the motion first. Defendant has asked plaintiff to make the Court aware that it would like to have seven days to respond to this aspect of plaintiff's motion.

1

2019, a request which defendant does not oppose. Because plaintiff's alternative request is unopposed, the rest of this motion will focus on his primary request.

"Whether an arbitration clause is enforceable is governed by state law." *Stutler v. T.K. Constructors Inc.*, 448 F.3d 343, 345 (6th Cir. 2006). *See also Mounts v. Midland Funding LLC*, 257 F. Supp. 3d 930, 943 (E.D. Tenn. 2017) ("The Sixth Circuit has further provided that, rather than applying federal common law, courts should apply state-law contract defenses in determining the validity of arbitration agreements."). In Tennessee, as in most states, unconscionability is a defense to the enforceability of arbitration clauses. *See Owens v. Nat'l Health Corp.*, 263 S.W.3d 876, 879 (Tenn. 2007) ("We remand the case to the trial court for further proceedings on the question of whether the arbitration agreement is an unconscionable, and thus unenforceable, contract of adhesion.").

When deciding whether a contract is unconscionable, "a court must consider all the facts and circumstances of a particular case." *Id.* at 889. And particularly "the circumstances as they existed at the time the parties executed the contract." *Vintage Health Res., Inc. v. Guiangan*, 309 S.W.3d 448, 461 (Tenn. Ct. App. 2009). Because plaintiff was not a party to the contract at issue, he has no firsthand knowledge of the circumstances as they existed at the time it was executed. *See Declaration of Nicole Patel*, Doc. 14-1, pp. 2-3 (confirming that Austin Proffitt, not plaintiff, opened the Comcast account; that Elaine Proffitt, but not plaintiff, was listed as an authorized user on the account; and that an authorized user of the account, not plaintiff, picked up the contract from one of defendant's stores).

Plaintiff must be afforded an opportunity to conduct discovery on all of the facts and circumstances surrounding the contract at issue before having to argue its unenforceability. Indeed, such "discovery is appropriate if it is limited to matters raised in the motion to compel arbitration."

2

*Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. v. Wade*, 404 S.W.3d 464, 467–68 (Tenn. 2013). *See also Owens, supra,* 263 S.W.3d at 879 (Tenn. 2007) (reversing trial and intermediate appellate courts and remanding for discovery because "the scant factual record in this case does not disclose the circumstances under which Daniel signed the arbitration agreement on behalf of King, including whether the arbitration agreement was offered on a ‑take it or leave it basis.").

Here too, the factual record submitted by defendant, who has far more knowledge than plaintiff as to the entering of the contract, does not disclose the circumstances under which it was agreed to, or even who agreed to it, including whether it was offered to that person on a take it or leave it basis. Plaintiff should not be forced to take on defendant and its superior knowledge of the facts before gaining equal access to those facts.

Further, plaintiff's request is more efficient and economical than defendant's proposal (i.e., brief first, discovery second). If ordered to respond to defendant's motion without the benefit of discovery, plaintiff's brief will at the same time be incomplete and overly inclusive. He will not be able to include all of the factual support he needs, but he will nonetheless have to cite all of his potential arguments so as to not face a claim of surprise or waiver from defendant. Through discovery the parties can focus in on the issues truly in dispute, and they can then present them to the Court completely and concisely. If defendant's approach is accepted, the parties will end up presenting their positions in piecemeal and likely evolving fashion. It is neither reasonable, nor fair, to proceed this way.

For these reasons, plaintiff requests 90 days[2] to complete arbitration-related discovery and 14 days following the close of discovery for responding to defendant's motion. If this request is

---

[2] During the parties' TRCP 26(f) conference they discussed how much time would be needed for arbitration-related discovery and tentatively agreed that 90 days would likely be appropriate. Plaintiff expects this to be reflected in the soon-to-be-filed *Joint Discovery Plan*.

3

denied, plaintiff requests an extension of 14 days from his original response deadline of August 5, 2019.

                    Respectfully Submitted,

                    **THE HIGGINS FIRM, PLLC**

                    **/s/ Benjamin J. Miller**
                    **BENJAMIN J. MILLER (#25575)**
                    525 4th Ave S
                    Nashville, TN 37210
                    (615) 353-0930
                    ben@higginsfirm.com

                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019 this document was served via the Court's CM/ECF email notification system on:

Sean G. Wieber
WINSTON & STRAWN LLP
35 W Wacker Dr
Chicago IL 60601-1723
swieber@winston.com

William R. Johnson
Austin Gillis
MOORE INGRAM JOHNSON & STEELE, LLP
408 N Cedar Bluff Rd Ste 500
Knoxville TN 37923-3655
wrj@mijs.com
dagillis@mijs.com

                    **/s/ Benjamin J. Miller**
                    **BENJAMIN J. MILLER**