**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

**Clarence Foust, individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**Comcast Corporation; Comcast Cable Communications, LLC; and Complete Recovery Corporation,**

**Defendants.**

**Case No: 3:19-cv-173**
**Judge Mattice**
**Magistrate Judge Poplin**
**Class Action**
**JURY DEMAND**

# FIRST AMENDED COMPLAINT[1]

Plaintiff Clarence Foust, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of defendants in negligently, knowingly, and/or willfully contacting plaintiff and class members on their cellular telephones via an ñautomatic telephone dialing system,ò as defined by 47 U.S.C. § 227(a)(1), and/or using ñan artificial or prerecorded voiceò as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal

[1] This *First Amended Complaint* is filed pursuant to FRCP 15(a)(1)(B).

Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the ñTCPAò).

2. Plaintiff brings this action for injunctive relief and statutory damages resulting from defendantsô illegal actions.

## JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed class is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, plaintiff alleges a national class, which will result in at least one class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 (ñCAFAò) are present, and this court has jurisdiction. This court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a resident of Knox County, Tennessee.

6. Defendant Comcast Corporation is, and at all times mentioned herein was, a Pennsylvania corporation doing business in Knox County, Tennessee.

7. Defendant Comcast Cable Communications, LLC is, and at all times mentioned herein was, a Delaware limited liability company doing business in Knox County, Tennessee.

8. Defendant Complete Recovery Corporation is, and at all times mentioned herein was, a Utah corporation doing business in Knox County, Tennessee.

**THE TELEPHONE CONSUMER PROTECTION ACT**

9. In 1991, Congress enacted the TCPA,[2] in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or ñautodialers,ò and prerecorded voices. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of an autodialer or prerecorded voice to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[3]

11. According to findings by the FCCð the agency Congress vested with authority to issue regulations implementing the TCPAð such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

12. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the ñprior express consentò of the called

---

[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227. The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[3] 47 U.S.C. § 227(b)(1)(A)(iii).

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

party.[5] The FCC ñemphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.ò[6]

13. Under the TCPA, the burden is on defendants to demonstrate prior express consent.

## FACTUAL ALLEGATIONS

14. Plaintiff is, and at all times mentioned herein was, a ñpersonò as defined by 47 U.S.C. § 153(39).

15. Plaintiff had a cellular telephone number ending in 8123.

16. Beginning in late 2017 or early 2018, plaintiff began receiving calls from defendants on his cellular telephone number ending in 8123.

17. Some of the calls were from phone number (800) 266-2278 (i.e., 800-COMCAST), a number Comcast Corporation lists as its own on its website.[7]

18. Some of the calls, according to information provided by Comcast Corporation, were made by Comcast Cable Communications, LLC.

19. And some of the calls were made by Complete Recovery on behalf of one or both of the other two defendants.

20. When plaintiff answered the calls, he heard a noticeable pause (characteristic of autodialed calls) followed by a live person or a prerecorded voice.

---

[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (ñ*FCC Declaratory Ruling*ò), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

[7] *See* https://www.xfinity.com/corporate/legal/privacystatement (last accessed August 2, 2019) (ñWelcome to this website, a service of Comcast Corporation and its subsidiaries (óComcastô).ò

21. The calls were for the purpose of attempting to collect equipment or other debt allegedly owed to ñComcast.ò

22. Plaintiff was not a customer of Comcast in 2017 or 2018.

23. Plaintiff did not have any of Comcastôs equipment or otherwise owe it a debt in 2017 or 2018.

24. Plaintiff told defendantsô representatives that he was not a customer of Comcast and did not have any of its equipment or otherwise owe it a debt, and he asked them several times to stop calling.

25. Plaintiff continued to receive numerous calls on his cellular telephone from defendants, sometimes as many as four a day.

26. The calls were repeated, annoying, intrusive, and harassing.

27. Many or all of the calls by defendants to plaintiffôs cellular telephone occurred via an ñautomatic telephone dialing system,ò as defined by 47 U.S.C. § 227(a)(1), and/or used ñan artificial or prerecorded voiceò as described in 47 U.S.C. § 227(b)(1)(A).

28. Many or all of the calls by defendants to plaintiffôs cell phone number occurred via equipment that has the capacity to: (a) store or produce telephone numbers to be called, or telephone numbers to which text messages can be sent; and (b) dial such telephone numbers or send text messages without human intervention, regardless of whether or not such capacity was actually used to place a particular call or send a particular message.

29. Many or all of the calls by defendants to plaintiffôs cell phone number were placed using a predictive dialer as defined by the Federal Communications Commission.[8]

---

[8] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14091 (2003), ¶ 131, and/or *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Docket 02-278, Order on Motion for Reconsideration by ACA International, 23 F.C.C.R. 559, ¶¶ 12-14 (Jan.

30. Defendantsô calls to plaintiffõs cellular telephone were not ñfor emergency purposesò as described in 47 U.S.C. § 227(b)(1)(A).

31. Plaintiff did not provide his cellular telephone number during a transaction that resulted in a debt owed to defendants.

32. Plaintiff did not provide prior express consent to receive autodialed or prerecorded calls from defendants on his cellular telephone.

33. Plaintiff requested several times that defendants stop calling his cellular telephone.

34. Defendantsô calls to plaintiffõs cellular telephone utilizing an ñartificial or prerecorded voiceò or placed by an ñautomatic telephone dialing systemò for non-emergency purposes and in the absence of plaintiffõs prior express consent violated 47 U.S.C. § 227(b)(1)(A).

35. The burden is on defendants to demonstrate that plaintiff provided prior express consent within the meaning of the statute.[9]

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action individually and on behalf of all others similarly situated (hereinafter referred to as ñthe classò).

37. Plaintiff proposes the following class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after March 25, 2015, received a non-emergency call from any defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide, or who revoked, prior express consent for such calls.

Collectively, all these persons will be referred to as ñclass members.ò Plaintiff represents, and is a member of, the class. Excluded from the class are defendants and any entities in which

4, 2008).

[9] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

defendants have a controlling interest, defendantsô agents and employees, any judge to whom this action is assigned and any member of such judgeôs staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

38. Plaintiff does not know the exact number of members in the class, but plaintiff reasonably believe that class members number at minimum in the thousands.

39. Plaintiff and all members of the class have been harmed by the acts of defendants, because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

40. This class action complaint seeks injunctive relief and money damages.

41. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by defendants.

42. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether defendants made non-emergency calls to plaintiffôs and class membersô cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

b. Whether defendants can meet their burden of showing they obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

c. Whether defendantsô conduct was knowing and/or willful;

d. Whether defendants are liable for damages, and the amount of such damages; and

e. Whether defendanta should be enjoined from engaging in such conduct in the future.

43. As a person who received numerous and repeated calls on his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent within the meaning of the TCPA and rules, plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and he has no interests which are antagonistic to any member of the class.

44. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

45. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present substantially fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

46. Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### I. FIRST COUNT: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*; 47 C.F.R. § 64.1200

47. Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

48. The foregoing acts and omissions of defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200.

49. As a result of defendantsô knowing and/or willful violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200, plaintiff and each member of the class are entitled to treble damages of $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff and all class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by defendants in the future. Plaintiff and class members are also entitled to an award of attorney fees and costs.

51. Defendants are vicariously liable for the acts and omissions of its employees and/or agents, including each other.

### II. SECOND COUNT: STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*; 47 C.F.R. § 64.1200

52. Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully set forth herein.

53. The foregoing acts and omissions of defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200.

54. As a result of defendantsô violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200, plaintiff and class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendantsô violation of the TCPA in the future.

56. Plaintiff and class members are also entitled to an award of attorney fees and costs.

57. Defendants are vicariously liable for the acts and omissions of its employees and/or agents, including each other.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the court grant plaintiff and all class members the following relief against defendants:

A. Injunctive relief prohibiting such violations of the TCPA by defendants in the future;

B. As a result of defendantsô willful and/or knowing violations the TCPA, plaintiff seeks for himself and each class member treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. As a result of defendantsô statutory violations the TCPA, plaintiff seeks for himself and each class member $500 in statutory damages for each and every violation of the TCPA;

D. An award of attorney fees and costs to counsel for plaintiff and the class;

E. An order certifying this action to be a proper class action pursuant to Tennessee Rule of Civil Procedure 23, establishing an appropriate class, finding that plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing plaintiff as counsel for the class; and

F. Such other relief as the court deems just and proper.

Respectfully Submitted,

**THE HIGGINS FIRM, PLLC**


**/s/ Benjamin J. Miller**_______________________
**BENJAMIN J. MILLER (#25575)**
525 4th Ave S
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019 this document was served via the Courtôs CM/ECF email notification system on:

Sean G. Wieber
WINSTON & STRAWN LLP
35 W Wacker Dr
Chicago IL 60601-1723
swieber@winston.com

William R. Johnson
Austin Gillis
MOORE INGRAM JOHNSON & STEELE, LLP
408 N Cedar Bluff Rd Ste 500
Knoxville TN 37923-3655
wrj@mijs.com
dagillis@mijs.com

**/s/ Benjamin J. Miller**__________________
**BENJAMIN J. MILLER**