UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLARENCE FOUST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; and COMPLETE RECOVERY CORPORATION,<br><br>Defendants. | CASE NO. 3:19-cv-00173-HSM-DCP<br><br>Judge Harry S. Mattice<br>Magistrate Judge Debra C. Poplin<br><br>JURY DEMAND |

**COMCAST CORPORATION'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO TAKE DISCOVERY BEFORE RESPONDING
TO COMCAST'S *MOTION TO COMPEL ARBITRATION***

Defendant Comcast Corporation ("Comcast")[1] submits this response in opposition to Plaintiff Clarence Foust's Motion to Take Discovery Before Responding to Comcast's Motion to Compel Arbitration (Dkt. 17 ("Foust's Motion")).

## INTRODUCTION

The Court should deny Foust's Motion. Not only is Foust's request to conduct arbitral discovery before responding to Comcast's Motion to Compel contrary to the Federal Arbitration Act ("FAA") and Sixth Circuit case law, but his putative justifications for doing so belie logic. Indeed, Foust's Motion disingenuously and conveniently hides behind his lawyer's inadmissible speculation that Foust has no "firsthand knowledge" of what actually occurred when Foust

---

[1] Comcast Corporation does not waive its argument that Comcast Cable Communications, LLC, is the only proper Comcast defendant in this action. Comcast Corporation is a holding company, not an operating company, and is therefore not involved in the day-to-day management of its operating subsidiaries, including Comcast Cable Communications, LLC.

authorized his daughter and son-in-law to use his cell phone number to order and install Comcast's services at Foust's home, when all three were living under the same roof in Knoxville (during the period of time when the arbitration agreement was entered into). The Court should not allow Foust to continue litigating with unclean hands—first by attempting to avoid arbitration through "plaintiff shopping," and then by pretending that the facts establishing arbitrability are outside his control. *See* Mem. in Supp. of Mtn. to Compel (Dkt. 14) at 1.

Comcast has properly moved to compel Foust's claims to arbitration under a facially valid and binding arbitration agreement, which Foust assented to by using and accepting Comcast's services in his home. *Id.* at 6-12. Comcast has made a prima facie showing of arbitrability—thus, controlling case law demands that the burden shift to Foust to rebut that showing *now*—a burden Foust suggests he can better litigate only after kicking the can down the road a number of months, largely on Comcast's dime. Foust merely raises the *theoretical possibility* that the arbitration agreement is "unconscionable," Mot. at 2, based on no facts at all—in hopes discovery might save his claims and newfound theory.

As a matter of fairness, the Court should not allow Foust to first conduct discovery into Comcast's witnesses and documents, in an attempt to potentially craft legal arguments consistent with that discovery, and *only then* to tell his version of the facts. Foust has a threshold burden to "show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). If Foust has evidence supporting his theory of unconscionability, the time to submit it is *now*. And Foust has no excuse for failing to do so, because the relevant facts surrounding the formation of the agreement are within his control—whether firsthand or through his daughter and son-in-law, with whom he is in privity. *See* Mem. in Supp. of Mtn. to Compel at 9-11.

Plainly put, Comcast has played its cards face-up, but Foust's cards are still face-down—and he plans to keep them that way so that he can continue to litigate this case in this jurisdiction. But as explained herein, fairness demands—and the law requires—that Foust show his cards *now*, before the parties make their bets. The Court should deny Foust's Motion for pre-response discovery.

## ARGUMENT AND AUTHORITIES

Foust's request to conduct arbitral discovery before responding to Comcast's Motion to Compel is contrary to the FAA and Sixth Circuit case law. Indeed, federal courts in Tennessee—and federal courts across the country—routinely deny requests like Foust's. *Dean v. Draughons Junior College, Inc.*, 2012 U.S. Dist. LEXIS 158294, at *7 (M.D. Tenn. Nov. 5, 2012) ("This court denied [plaintiff's] Motion to Conduct Discovery and ordered the plaintiffs to respond to the Motion to Compel Arbitration."), *rev'd on other grounds*, 917 F. Supp. 2d 751, 753 (M.D. Tenn. 2013); *see also, e.g.*, *Advocat Inc. v. Blanchard*, 2012 U.S. Dist. LEXIS 72287, at *20 (E.D. Ark. May 24, 2012) (same); *Spears v. Mid-America Waffles, Inc.*, 2012 U.S. Dist. LEXIS 49718, at *4 (D. Kan. Apr. 10, 2012) (same); *Pleasants v. Am. Express Co.*, 541 F.3d 853, 856 (8th Cir. 2008) (same); *Hawkins v. Wells Fargo Bank, N.A.*, 2008 U.S. Dist. LEXIS 30857, at *3 (S.D. Miss. Feb. 29, 2008) (same).

### I. Foust's Motion identifies no genuine dispute of material fact that may justify discovery.

A party opposing a motion to compel—similar to a party opposing a motion for summary judgment—must "show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos.*, 288 F.3d at 889; *accord Heath v. Va. Coll., LLC*, 2018 U.S. Dist. LEXIS 161495, at *11 (E.D. Tenn. Sep. 21, 2018) (Mattice, J.) (noting that "the standard on a motion to compel mirrors that of a motion for summary judgment" and denying request for arbitral

3

Case 3:19-cv-00173-HSM-DCP   Document 19   Filed 08/05/19   Page 3 of 9   PageID #: 214

discovery).² To meet that burden, a party must submit admissible evidence showing a genuine dispute of material fact. *See Great Earth Cos.*, 288 F.3d at 889.

Foust's Motion asserts only one potential basis for invalidating the arbitration agreement: unconscionability. But he fails to substantiate that theory with evidence, and he identifies no genuine factual dispute for which he needs discovery. <u>His lawyer's unsworn assertions that Foust lacks personal knowledge of potentially relevant (and unspecified) facts is no substitute for an affidavit from Foust</u>, for example, explaining why he believes the arbitration agreement is unconscionable and what facts support that belief. *See Am. Gen. Life Ins. Co. v. Harper*, 2016 U.S. Dist. LEXIS 12836, at *5 (S.D. Miss. Feb. 3, 2016) ("[Plaintiff] fails to provide a more specific theory as to why the arbitration agreement might be void . . . . As it stands, [plaintiff] merely seeks an improper fishing expedition without explanation or supporting legal authority.").

Even if Foust submitted an affidavit, he could not blindly speculate that discoverable facts *may* support his theory of unconscionability. Rather, "[a] party must present a factually based predicate before a right to conduct discovery regarding matters that could invalidate the agreement to arbitrate arises." *Arnold v. Owensboro Health Facilities, L.P.*, 2016 U.S. Dist. LEXIS 14722, at *10 (W.D. Ky. Feb. 8, 2016). Applying that rule, the Eighth Circuit has required a party to brief its theory of unconscionability *before* the court could determine whether arbitral discovery was appropriate. *Pleasants*, 541 F.3d at 856-57.

Foust asserts that "[t]hrough discovery[,] the parties can focus in on the issues truly in dispute." Mtn. at 3. But Foust has the threshold burden to identify and substantiate which issues

---

² Under the FAA, "the party seeking to compel arbitration has the initial burden of establishing the existence of a valid agreement to arbitrate, but once *prima facie* evidence of the agreement has been presented, the burden shifts to the party opposing arbitration." *Arnold v. Owensboro Health Facilities, L.P.*, 2016 U.S. Dist. LEXIS 14722, at *10 (W.D. Ky. Feb. 8, 2016). Comcast has met its initial burden here, for the reasons set forth in its Motion to Compel.

4

are "truly in dispute," and only then to conduct discovery (if needed).[3] Foust's request turns the ordinary procedure on its head—akin to petitioning a court for discovery before filing a complaint.

## II. Foust's putative lack of firsthand knowledge does not justify discovery.

Foust asserts that he cannot adequately respond to Comcast's Motion to Compel because he lacks "firsthand knowledge" of the facts surrounding the formation of the arbitration agreement. Mtn. at 2. That unsworn assertion does not justify the discovery Foust seeks. To begin, Foust must allege the circumstances justifying discovery by affidavit (as discussed above).

Even if Foust submitted an affidavit alleging his lack of knowledge, discovery still would not be warranted. Foust's carefully chosen term—"firsthand knowledge"—disguises reality: <u>the relevant facts are within his control.</u> Foust himself, and Foust's daughter and son-in-law, Elaine and Austin Proffitt, know how the arbitration agreement was formed. If the Proffitts believe that the circumstances under which they entered into the agreement were unconscionable, now is Foust's opportunity (and burden) to submit their affidavits explaining those facts. Courts routinely deny requests for arbitral discovery into topics that are "already within the personal knowledge of the [plaintiff]." *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 501 (5th Cir. 2009).

As explained in Comcast's Motion to Compel, Foust is in privity with the Proffitts for purposes of this lawsuit. *See* Mem. in Supp. of Mtn. to Compel at 9-11. Foust and the Proffitts shared a residence where Comcast delivered its services, and Foust now claims to own the cell phone number that the Proffitts provided for the Comcast account. *Id.* at 10. Foust cannot align with the Proffitts only when it suits him—accepting the benefits of Comcast's services by

---

[3] Contrary to Foust's assertion, Comcast did not agree during the parties' Rule 26(f) conference that "arbitration-related discovery is appropriate." Mtn. at 1 n.1. Rather, counsel for Comcast took the position that the need for discovery, along with the scope and timing of any discovery, cannot be determined until Foust responds to Comcast's Motion to Compel. Comcast will further explain its position on arbitral discovery in the parties' forthcoming joint submission under Rule 26(f), due August 9, 2019.

5

agreement, while conveniently attempting to avoid what he views as the agreement's purported "unconscionable" obligations.

Finally, even if the Court considers the Proffitt's knowledge beyond Foust's control, which it is not, Foust's putative ignorance still does not justify his request for pre-response discovery. Foust asserts that Comcast has "superior knowledge" of how the arbitration agreement was formed, and that those facts may substantiate his theory of unconscionability. Mtn. at 3. But that fact-free speculation cannot throw open the doors of discovery:

> Plaintiffs' allegations of "formation concerns" are vague and virtually non-existent. Plaintiffs give the court no basis on which it could make a finding that specific, limited discovery is necessary. In cases where this court has found discovery warranted, the contracting party has made specific allegations raising questions of enforceability. Here, plaintiffs have not. The court will not order discovery without a foundational basis justifying it. . . . <u>The court understands plaintiffs' position that they cannot know what to ask for without having information controlled by defendants.</u> **But the unsupported hope that something will turn up that renders the arbitration agreement unenforceable does not justify a fishing expedition.**

*Spears*, 2012 U.S. Dist. LEXIS 49718, at *3-4 (emphasis added).

Comcast and Foust agreed to arbitrate their disputes in part to avoid costly and burdensome discovery. *See* Mem. in Supp. of Mtn. to Compel at 12-15. To fulfill that purpose, "[d]iscovery related to the validity of an arbitration agreement is necessarily limited, in light of the goal of quickly moving matters subject to arbitration out of the judicial and into the arbitral forum." *Northport Health Servs. of Ark., LLC v. Robinson*, 2009 U.S. Dist. LEXIS 6482, at *6 (W.D. Ark. Jan. 12, 2009). Even when genuine material disputes of fact exist over arbitrability, the FAA calls for a "summary trial"—not "death by discovery." *BOSCA, Inc. v. Bd. of Cty. Comm'rs*, 853 F.3d 1165, 1177 (10th Cir. 2017). Comcast will lose the benefit of its arbitration bargain if it is forced into discovery without factual justification—especially the kind of aimless, "theory in search of facts" discovery that Foust proposes.

6

## CONCLUSION

Comcast "ha[s] made a *prima facie* showing that [Foust] agreed to arbitrate, and [Foust] ha[s] not met [his] burden of putting at issue the making of that agreement." *Blau v. AT&T Mobility*, 2012 U.S. Dist. LEXIS 217, at *11 (N.D. Cal. Jan. 3, 2012) (denying arbitral discovery). While the law clearly requires Foust's Motion to be denied, fairness calls for the same result. Comcast has made its case—and played its cards face up—by submitting an affidavit. After seeing Comcast's hand, Foust should not be allowed to conduct discovery and then attempt to craft his arguments to match that discovery. He should state the facts within his purview that allegedly render the arbitration provision unconscionable, if any. He must reveal his cards now.

For the reasons discussed above, the Court should (1) deny Foust's Motion, and (2) order Foust to respond to Comcast's Motion to Compel Arbitration and to Stay Discovery Pending Decision thereon, and Motion in the Alternative to Dismiss Non-Tennessee Putative Class Members for Lack of Subject Matter Jurisdiction.[4]

Dated: August 5, 2019

Respectfully submitted,

**Comcast Corporation**

By: /s/ Sean G. Wieber
One of its attorneys

**WINSTON & STRAWN LLP**
Sean G. Wieber (*pro hac vice*)
swieber@winston.com
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

[*continued on next page*]

---

[4] Comcast does not oppose Foust's alternative request for a 14-day extension of his response deadline, so long as that extension is not granted to allow Foust to pursue arbitral discovery.

7

Case 3:19-cv-00173-HSM-DCP   Document 19   Filed 08/05/19   Page 7 of 9   PageID #: 218

-and-

**MOORE INGRAM JOHNSON & STEELE, LLP**
William R. Johnson
Tennessee BPR No. 19925
wrj@mijs.com
Austin Gillis
Tennessee BPR No. 033130
dagillis@mijs.com
408 N. Cedar Bluff Road, Suite 500
Knoxville, TN 37923
Tel: (770) 429-1499
Fax: (865) 692-9071

*Counsel for Comcast Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2019, the foregoing was delivered to all counsel of record through the Court's electronic filing system.

        MOORE INGRAM JOHNSON & STEELE, LLP

        */s/ D. Austin Gillis*
        Austin Gillis
        Tennessee BPR No. 033130
        dagillis@mijs.com

9

Case 3:19-cv-00173-HSM-DCP   Document 19   Filed 08/05/19   Page 9 of 9   PageID #: 220