UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| CLARENCE FOUST, *individually and on behalf of all others similarly situated*, ) ) ) *Plaintiff*, ) ) v. ) ) COMCAST CORPORATION, *et al.*, ) ) *Defendants*. ) ) | Case No. 3:19-cv-173 Judge Mattice Magistrate Judge Poplin |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Poplin. [Doc. 58]. The Magistrate Judge recommends that Defendant Comcast Corporation's ("Comcast" or "Defendant") discovery motion, [Doc. 31], be granted and that the Parties be given 45 days to engage in limited discovery as to whether a valid arbitration agreement exists between them. Plaintiff has objected to the Magistrate Judge's conclusions. For the reasons set forth herein, Plaintiff's objection will be overruled and the Report and Recommendation, [Doc. 58], will be **ACCEPTED** and **ADOPTED**. Accordingly, Comcast's discovery motion, [Doc. 31], will be **GRANTED** and the Parties will have 45 days in which to conduct discovery related to the existence of a valid arbitration agreement.

### I. DISCUSSION

The Magistrate Judge set forth a fulsome recounting of the record and issues which need not be repeated here. Suffice it to say, Defendants seek to compel arbitration while Plaintiff disputes whether a valid arbitration agreement exists. The Parties agree that

Plaintiff did not sign an arbitration agreement and was not an "authorized user" of Defendants' services, but Defendants now seek limited discovery as to whether Tennessee law nonetheless supports the formation of a valid agreement to arbitrate.

Noting that courts treat motions to compel arbitration as they would motions for summary judgment when assessing the relevant facts, the Magistrate Judge "look[ed] to [Federal] Rule [of Civil Procedure] 56(e) for guidance" and concluded that limited discovery is warranted in order to ensure a substantively correct outcome. [Doc. 58, at 7-8]. Plaintiff objects on two grounds:

1. He argues that the Magistrate Judge's use of Rule 56(e) means that Defendants failed "to properly support an assertion of fact" and should not be allowed "to go fishing for proper support." [Doc. 59, at 1-2]. He then submits that "Rule 11(b), not 56(e), provides the mechanism for alerting the court that additional discovery is needed in order to support an assertion" and that "[n]owhere … did Comcast specifically identify that its factual contention that plaintiff used its services would likely have evidentiary support after" discovery. [*Id.* at 2-3].

2. He argues that the discovery sought "would not materially affect the outcome of" the motion to compel arbitration due to various aspects of Tennessee law and that the motion should therefore be denied. [*Id.* at 3].

The Court will not unsettle the Magistrate Judge's determination unless it relied upon "clearly erroneous" findings of fact or was otherwise "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Nathan v. Ohio St. Univ.*, No. 2:10-cv-872, 2013 WL 139874, at *1 (S.D. Ohio Jan. 10, 2013) ("The 'clearly erroneous' standard applies only to factual findings made by the magistrate judge, while legal conclusions will be reviewed under the more lenient 'contrary to law' standard." (quotation omitted)).

Plaintiff seemingly does not object to any of the Magistrate Judge's factual findings. Nor does he explicitly identify any respect in which the Magistrate Judge's legal conclusions were "contrary to law." Indeed, Plaintiff does not cite so much as a single case across his three-page objection and leaves it to the Court to surmise precisely how he has "*shown* that the magistrate judge's order is ... contrary to law." 28 U.S.C. § 636(b)(1)(A) (emphasis added).

Plaintiff's first objection amounts, essentially, to the position that Defendants could not establish a valid arbitration agreement with the evidence presently in hand and should not be allowed to do so now as a procedural matter. But the Court cannot identify— nor does Plaintiff explain—how it would be actually "contrary to law" to allow discovery as to the substantive issue at bar. Indeed, the Court can adduce no basis whatsoever for concluding that the Magistrate Judge's determinations "ignore[] or contradict[] the law, or governing Rules of Civil Procedure." *Nathan*, 2013 WL 139784, at *1. Quite the opposite, the Magistrate Judge carefully considered the law and Rules. Finally, Plaintiff's citation to Rule 11(b) provides no basis for concluding that the Magistrate Judge should not have looked to Rule 56(e) for guidance, nor that limited discovery at this juncture is otherwise contrary to law.

Plaintiff's second objection suggests that any discovery taken, even if it proved that Plaintiff used Defendants' services, would be moot due to various aspects of Tennessee law, recounted by the Magistrate Judge as follows:

> (1) a nonsignatory beneficiary who does not seek to enforce the underlying agreement cannot be bound by an arbitration clause; (2) Comcast's argument that it can bind all alleged beneficiaries of its service raises policy concerns because of the absurd implications; (3) Plaintiff opted out of the arbitration clause pursuant to its own terms; and (4) the arbitration clause is unconscionable.

[Doc. 58, at 4]. The Magistrate Judge did not explicitly address these arguments. Here as before, however, the Court cannot see—and Plaintiff comes nowhere near explaining—how declining at this juncture to apply Tennessee law hypothetically to facts not currently in evidence is a sensible use of judicial resources, let alone contrary to law. Plaintiff may ultimately prove himself right on these arguments, but the proper vehicle for doing so is in substantive opposition to the motion to compel itself, not in opposition to limited discovery.

Accordingly, it is **ORDERED** that Plaintiff's Objections to Report and Recommendations, [Doc. 58], is **OVERRULED.** The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Poplin's findings of fact and conclusions of law as set forth in the Report and Recommendation, [Doc. 58]. Defendant Comcast Corporation's Motion to Stay Briefing On Motion to Compel Arbitration Pending Limited Arbitral Discovery, [Doc. 31], is hereby **GRANTED**, and per the Magistrate Judge's recommendation, the Parties **shall have 45 days to engage in limited discovery on whether a valid arbitration agreement exists**.

**SO ORDERED** this 13th day of February, 2020.

> _/s/ Harry S. Mattice, Jr._
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE